### CUSHIER v. ADAMS.

(Supreme Court, Appellate Term.    April 9, 1912.)

1. LANDLORD AND TENANT (§ 124*)—USE OF PREMISES—IMPLIED EVIDENCE.

Where the top floor of a private house, with a hot-water system, heated from the kitchen in the basement, in control of the lessor was leased for use as a private dwelling apartment, without express provision as to any supply of hot water, a covenant to supply hot water, such as would ordinarily be furnished in a small private house, might be implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*]

2. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—SUFFICIENCY OF EVIDENCE.

Evidence in a landlord's action for rent, where the tenant claimed a constructive eviction because a sufficient amount of hot water was not furnished, *held* insufficient to support a verdict for the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Lydia A. Cushier against Charles F. Adams. From a judgment of the Municipal Court of the City of New York for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Edo E. Mercelis, for appellant.

Louis Levene, for respondent.

LEHMAN, J.    [1] The plaintiff leased the top floor of her private house to the defendant for use as a "private dwelling apartment." The lease is silent as to any supply of hot water; but, inasmuch as the fixtures were connected with the general hot-water system of the house, which was heated from the kitchen in the basement and was under the plaintiff's control a covenant to supply hot water might reasonably be implied. That covenant, however, would be to supply only such hot water as would reasonably be expected under the circumstances, viz., such supply as would be furnished ordinarily in a small private house. It would certainly be unreasonable to expect the landlord of a single leased apartment situated in his private house to keep a supply of hot water at all hours, day and night, for the convenience of his single tenant.

[2] The defendant leased the apartment for one year from the 1st day of October, and vacated the apartment on the 27th day of May, claiming a constructive eviction because not sufficient hot water was furnished. It appears that at various times after October there was a lack of hot water, but there is no evidence at all as to the supply during the time shortly prior to the defendant's abandonment of the premises. Moreover, there is no sufficient explanation of the reason why defendant continued to put up with his alleged discomfort during the whole winter, and found the conditions unbearable

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eight months thereafter. He claims that he remained there in reliance on plaintiff's promise to remedy conditions by installing a new range, which afterwards turned out to be unsatisfactory; but there is no evidence as to the time when the range was installed or the promises made upon which defendant relied. The record discloses nothing but the vaguest testimony to establish defendant's defense, and the judgment in his favor should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant. to abide the event. All concur.